## Creekbaum, etc., v. Springfield Fire & Marine Insurance Company et al.

*Goldin & Goldin,* for plaintiff.

*White, Williams & Scott,* for defendants.

BONNELLY, J., May 6, 1952.—This case is submitted for determination upon a case stated, the parties having entered into a stipulation setting forth an agreed state of facts.

Plaintiff owned five houses which she operated as apartment houses. As to four of the houses the contents were insured against loss by fire with the four defendant companies. The total amount of the insurance on the four policies aggregated $6,000. The fifth house owned by plaintiff and operated by her as an apartment house in the same manner as the other properties, was situated at 5002 Griscom Street, Philadelphia. Plaintiff carried no insurance covering the contents of this property.

The four policies issued are identical in form, and contain a provision that "the insured may apply up to 10% of the amount specified for item 1 to cover property described therein and insured thereby . . . while elsewhere than on the described premises."

On February 24, 1951, a fire occurred at 5002 Griscome Street causing damage to personal property to the extent of $809. The personal property contained in 5002 Griscom Street had never been in use in any of the other four properties which were covered by household contents insurance.

Plaintiff seeks to apply 10 percent of the face amount of each of the policies in force to the loss which occurred on premises 5002 Griscom Street and claims the sum of $600.

It is conceded that there are no reported cases dealing with the issues raised in this action. It is plaintiff's contention that the policy should be interpreted as insuring personal property in the described premises to the amount stated, and in addition thereto

property of a similar nature owned by the insured, no matter where it is situated, to the extent of 10 percent of the stipulated amount.

We cannot accept plaintiff's contention, although we are well aware of the salutary rule that any ambiguity or doubt must be resolved in favor of the insured.

The endorsement on the policy attached to the stipulation as exhibit A (it is agreed that all four policies are similar in form) provides:

"This policy covers household and personal property contained in the building situated 6748 Tulip Street and rear. Item 1. $1000. On household and personal property usual to the occupancy of the premises as a dwelling . . . belonging to the insured . . . while contained in the above described building. The insured may apply up to ten per cent (10%) of the amount specified for item 1 to cover property described therein and insured thereby . . . while elsewhere than on the insured premises."

It is clear that the off-premises coverage applies only to property "described therein and insured thereby". The property so described and insured was the personal property belonging to the insured contained in the specific premises. No other property was insured. Before the off-premises coverage can be claimed, it must be established that the goods were connected with the described premises.

We find no ambiguity or uncertainty in the language employed in the policy. The contention of plaintiff is so strained that it can fairly be said that if the parties intended so unusual a construction they could have expressly spelled it out in the contract: McElhinney v. Belsky, 165 Pa. Superior Ct. 546, 553.

On the case stated, upon the facts agreed to in the stipulation of the parties, the court's finding is in favor of defendants.